IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SERGIO RODRIGUEZ MAGOS § | |
| Plaintiffs § | |
| § | |
| vs § | CIVL ACTION NO. |
| § | |
| WATON REEDERI TAMKE GmbH § | |
| & CO. K.G. § | |
| And § | |
| TRANSESTE SCHIFFAHT Gmbh § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SERGIO RODRIGUEZ MAGOS, (hereinafter referred to as "Plaintiff"), complaining of **WATON REEDERI TAMKE GmbH & CO. K.G. AND TRANSESTE SCHIFFAHT Gmbh**, *in personam*, (hereinafter referred to collectively as "Defendants"), and, for cause of action would respectfully show unto this honorable Court the following:

I.

Plaintiffs, **SERGIO RODRIGUEZ MAGOS**, is an individual who resides in Houston, Harris County.

Defendants, **WATON REEDERI TAMKE GmbH & CO. K.G. and TRANSESTE SCHIFFAHT Gmbh**, *in personam*, are foreign entities organized under the laws of a state or country other than the United States, but do substantial and regular business in the United States of America and in the State of Texas. Defendants **WATON REEDERI TAMKE GmbH & CO. K.G. and TRANSESTE SCHIFFAHT Gmbh**, *in personam*, are a commercial entities owning, operating and managing deep sea vessels, which carry cargo in and out of the Port of

1

Houston. Defendant **WOTAN REEDERI TAMKE GmbH & CO. K.G.**, are the owner and/or operator of the vessel **M/V WOTAN** at all times relevant to this suit. The Defendant **TRANSESTE SCHIFFAHT Gmbh** are managers and/or operators of the vessel M/V WOTAN at all times relevant to this suit. At all times material hereto, the Defendants were engaged in business in the State of Texas. Defendants do not maintain a place of business in Texas and have not designated an agent on whom service of process may be made in this cause. Therefore, pursuant to Texas Law (Chapter 17 of the Civil Practice & Remedies Code) and the Hague Convention on Service Abroad of Judicial and Extra Judicial documents in civil or commercial matters, Article 10(a), Defendant, **WATON REEDERI TAMKE GmbH & CO. K.G.**, *in personam* and Defendant **TRANSESTE SCHIFFAHT Gmbh** *in personam* may be served with process by serving the Secretary Of State for the State of Texas, Statutory Document Section, Austin, Texas who will then forward a copy of the Original Complaint to the Defendant.

Defendant, **WATON REEDERI TAMKE GmbH & CO. K.G.**, is the owner and/or operator of the vessel **M/V WATON**, in personam, at all times relevant to this suit and may be served at:

> **WATON REEDERI TAMKE GmbH & CO. K.G.**
> **c/o TRANSESTE SCHIFFAHT Gmbh**
> Mattentwiete 5
> 20457 Hamburg Germany
> Hamburg, Germany

Defendant, **TRANSESTE SCHIFFAHT Gmbh** *in personam*, as manager and/or operator and may be served with process by serving the Secretary Of State for the State of Texas, Statutory Document Section, Austin, Texas who will then forward a copy of the Original Complaint to the Defendant at:

TRANSESTE SCHIFFAHT Gmbh
c/o TRANSESTE SCHIFFAHT Gmbh
Mattentwiete 5
20457 Hamburg Germany
Hamburg, Germany _____

## II.

### JURIDICTION

This Honorable Court has jurisdiction over the in personam Defendants based solely upon diversity of citizenship, 28 U.S.C. § 1332.

## III.

The Plaintiff would show that on or about September 29, 2011 Plaintiff was employed as a longshoreman working aboard the vessel **M/V WATON**, said vessel was in navigable waters and the same was docked in the Port of Houston, Bayport Terminal, Texas. Defendants **WATON REEDERI TAMKE GmbH & CO. K.G. and TRANSESTE SCHIFFAHT Gmbh,** were operating the **M/V WATON** a motor vessel in the open seas and calling upon various ports including the Port of Houston, Texas. Plaintiff would show that all times relevant and material hereto, this vessel was owned and operated and/or chartered and managed by Defendants **WATON REEDERI TAMKE GmbH & CO. K.G. and TRANSESTE SCHIFFAHT Gmbh,** said Defendants being engaged in the business of owning and/or operating and/or managing a fleet of cargo vessels which call upon various ports including the Port of Houston, Texas.

Plaintiff would further show that on or about September 29, 2011, while working as a rigger aboard the **M/V WATON**, docked at the Port of Houston, Bayport Terminal he was hanging a lashing rod to secure a container when the vessel moved causing the lashing rod to fall out of place and fall downward. The Plaintiff dropped the rod overboard but it caught his pants causing him to fall overboard between an unguarded space between the walkway and the

container at Bay 26. The Plaintiff would show that the incident in question was proximately caused, in whole or in part, by the negligence of the Defendants, jointly and severely, acting through their agents, servants, officers and/or employees in the course and scope of their employment as hereinafter alleged:

container at Bay 26. The Plaintiff would show that the incident in question was proximately caused, in whole or in part, by the negligence of the Defendants, jointly and severely, acting through their agents, servants, officers and/or employees in the course and scope of their employment as hereinafter alleged:

a. In failing to provide adequate working conditions;

b. In failing to provide Plaintiff with a reasonably safe place to work and perform his duties;

c. In creating and allowing a dangerous condition to exist thereby creating an unreasonable risk of harm;

d. In failing to adequately remedy the dangerous condition created by the condition of the unguarded work space with no adequate railing or other means of fall protection;

e. In failing to warn Plaintiff and/or TLT Stevedoring by whom the Plaintiff was employed, of the dangerous condition, which constituted a hidden danger to the Plaintiff;

f. In failing to adequately and/or timely provide adequate weather deck railings in recognized longshore work areas;

g. In failing to turn over a safe ship so Plaintiff could perform his duties in a safe manner;

h. In failing to inspect the vessel's gear, walkways, railings, and work areas;

i. In failing to properly maintain the vessels elevated lashing platforms and guardrails;

j. In failing to properly inspect and assess the vessel's main deck cargo working areas to discovery this dangerous/defective condition.

k. In failing to have proper procedures in place for the proper maintenance and inspection of the vessel, including the vessel's elevated lashing platforms, walkways, and deck railings.

At the time of the incident, and the commission of such negligent acts and/or omissions, Defendants, **WATON REEDERI TAMKE GmbH & CO. K.G. and TRANSESTE SCHIFFAHT Gmbh**, their agents, servants and/or employee's actions in the course and scope of

their employment or agency, was the proximate cause, as that term is known in law, of the above described incident.

## IV.

As a result of his injuries, Plaintiff, **SERGIO RODRIGUEZ MAGOS**, has required extensive medical care as a result of his bilateral broken feet, ankles, legs; and back, neck, hip and head injuries. He has been required to pay and incur liability to pay the charges for emergency medical care, hospital care, several surgical procedures to his feet, ankles and legs and follow-up medical services, as well as multiple medications and associated charges. In the future, he will require additional medical attention including but not limited to physical therapy, possible additional surgery, medications and other post-surgical care, and he will be required to pay and incur liability for the charges for those medical services. The charges which have been made and will be made for such services rendered to the Plaintiff have represented and will represent, the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered. All services, both past and future, have been and will be made necessary in connection with the proper treatment with the injuries suffered by the Plaintiff, **SERGIO RODRIGUEZ MAGOS**, as a direct result of the negligence of the Defendants, and the occurrence of September 29, 2011, which is the basis of this suit.

## V.

Further, as the result of the incident made the basis of this suit, Plaintiff, **SERGIO RODRIGUEZ MAGOS**, suffered lost wages in the past while he was undergoing medical treatment and rehabilitation, and Plaintiff will in all probability continue to suffer a loss of wages and/or loss of wage earning capacity in the future, for all of which he hereby sues.

## VI.

As a result of the injuries suffered in the incident made the basis of this suit, Plaintiff, **SERGIO RODRIGUEZ MAGOS**, now has certain physical impairments, disabilities and restrictions which prevent him in engaging in activities, that he was able to enjoy prior to the accident. He has also suffered serious disfigurement as a result of these injuries. Plaintiff hereby sues for the loss of pleasures, permanent physical impairment and disfigurement caused by the negligence of the Defendants, as a result of the incident made the basis of this suit, and as allowed by law.

## VII.

Additionally, as a result of his serious and traumatic injuries, the Plaintiff, **SERGIO RODRIGUEZ MAGOS** has endured excruciating pain and suffering in the past, and will continue to experience such in to the indefinite future, and has been caused to suffer mental anguish both in the past and in the future; all a direct and proximate result of the negligence of the Defendants, for which he hereby sues.

## VIII.

Plaintiff, **SERGIO RODRIGUEZ MAGOS**, in no way contributed to the incident of September 29, 2011 which resulted in his serious injuries. Nor did he contribute to any fault, negligence, or want of care with respect to the incidents which have caused his injuries.

## IX.

Plaintiff respectfully pleads the doctrine of res ipsa loquitur and all facts, laws, and legal assumptions which arise from the fact that the Defendants were exclusive control of the instrumentality causing the accident and damages he referred to above, and the incident

6

described herein, is the type of casualty which would not have occurred in the absence of fault and negligence by the Defendants.

X.

Plaintiff also alleges that Defendants were grossly negligent in their actions demonstrating a complete disregard for the safety and welfare of the Plaintiff, for which he hereby sues.

XI.

Plaintiff, **SERGIO RODRIGUEZ MAGOS**, hereby request that their cause of action be scheduled for a trial by jury.

XII.

### PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefore including but not limited to statements, photographs, videotapes, recordings, business records, maintenance records, repair records, logs, correspondence, emails, memorandums, files, faxes, any electronic images or messages. Plaintiff hereby request that you preserve and not repair or alter in any way the walkway and guard rails at the site of Plaintiff's injury so as to allow the Plaintiff to inspect and photograph the walkway and railings prior to any repair or alteration. Failure to maintain such items and the condition of the premises/site of incident will constitute a "spoliation" of evidence.

XII.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **SERGIO RODRIGUEZ MAGOS** pray that the Defendants, **WATON REEDERI TAMKE GmbH & CO. K.G. and**

**TRANSESTE SCHIFFAHT Gmbh** be cited individually and severely, in terms of law to appear and answer to this complaint and that upon a final trial thereof, Plaintiff be given a judgment against the Defendants, individually and severely, for the full extent of his damages with interest; Court costs, relevant costs of Court, and for all such other and further relief as they may show themselves justly entitled, both at law and in equity.

        Respectfully Submitted,

        DENNIS L. ROWN, P.C.

        DENNIS L. BROWN
        State Bar No. 03112650
        **MIKE N. COKINS**
        State Bar No. 04527500
        24 Greenway Plaza, Suite 1701
        Houston, Texas 77046
        (713) 623-8999 Telephone
        (713) 623-0756 Facsimile

        **ATTORNEYS FOR PLAINTIFF**